# CIRCUIT COURT OF THE CITY OF ROANOKE

Lee Hartman & Sons, Inc.

v.

Jimmy L. Adams

August 14, 1997

Case No. CL95-1884

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff installed a security system in Defendant's home, and both parties claimed that the other failed to complete the contract. Plaintiff filed suit against Defendant alleging nonpayment of an open account in the amount of $34,288.74. Defendant asked for and received an extension of time from the Plaintiff in which to file a late answer to the Motion for Judgment. He failed to file his late answer within the extended time.

Despite the failure on the part of the Defendant to file a late answer within the appropriate time, the parties negotiated a settlement of their dispute as evidenced by a series of letters between counsel whereby the Defendant agreed to pay the sum of $27,000.00 in guaranteed funds to the Plaintiff on or before April 19, 1996. A written settlement agreement was prepared but was never signed, and the funds were never paid. The Defendant filed an answer to the lawsuit three months after the time granted to him by the extension.

The issues are whether the parties have bound themselves by a settlement and whether or not the Defendant's late answer is properly filed.

Upon review of the various pieces of correspondence and the stipulation of counsel, I am satisfied that a settlement was reached between the parties in this case. All the requisites of a contract are present.

> Where parties involved in contract negotiations do not expressly state that the validity of an agreement between them is subject to the preparation, approval, and signing of a formal written contract, it is a question of fact whether they intended that no contract would exist

until a written agreement was executed. The issue is whether the parties intended that the contract would become binding at the moment they mutually assented to the terms and that the agreement would be "written out and signed only as a memorandum for the parties." *Richardson v. Richardson*, 10 Va. App. 391 (1990).

In this case, I find as a matter of fact that the parties intended to be bound by their agreement and that its validity was not subject to the signing of the written contract. This case has been settled, and the settlement will be enforced.

Counsel for Plaintiff shall prepare the appropriate order giving judgment against the Defendant in the settlement amount of $27,000.00, with interest retroactive to April 19, 1996. Although Plaintiff claims interest at the rate of twenty-four percent per annum based on their original contract, this judgment is rendered based on the new contract entered into between the parties when they settled their dispute. Accordingly, interest will run at the judgment rate.

The issue concerning whether or not the Defendant may file a late response has been rendered moot by this decision.